UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CV-62019-SMITH/VALLE

AGNES BERNADETEA TAYYEM,

    Plaintiff,

v.

KILOLO KIJAKAZI,[1]
Acting Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff Agnes Bernadetea Tayyem's Unopposed Motion and Petition for Attorneys' Fees Under the Equal Access to Justice Act (the "EAJA"), pursuant to 28 U.S.C. § 2412(d) (the "Motion") (ECF No. 26), which has been referred to the undersigned for a Report and Recommendation. *See* (ECF No. 2).

Upon Defendant's unopposed motion, the District Court remanded the case to the Commissioner for further administrative proceedings. *See generally* (ECF Nos. 22, 23). Plaintiff now seeks an award of her attorneys' fees under the EAJA, and Defendant does not oppose the Motion. *See generally* (ECF No. 26); *see also* (ECF No. 26-9 at 1).

Under the EAJA, a court generally must award reasonable attorneys' fees to any party prevailing in litigation against the United States, unless the United States' position was "substantially justified" or "special circumstances make an award unjust." *See* 28 U.S.C. § 2412(d)(1)(A). Here, Plaintiff asserts (and Defendant does not dispute) that she is the prevailing party, that Defendant's position was not substantially justified, and that no special circumstances exist that would render a fee award unjust. *See* (ECF Nos. 26 at 1, 26-7 at 1-2). The only remaining issue, therefore, is whether Plaintiff's requested

---

[1] Kilolo Kijakazi has been appointed as Acting Commissioner of Social Security. Consequently, pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as Defendant in this case.

attorneys' fees are reasonable.

## I.     ATTORNEYS' FEES

Plaintiff seeks an award of $6,027.26 in attorneys' fees.  (ECF Nos. 26 at 1, 26-1 at 3).  The attorneys' fees result from 27.9 hours of work performed by attorneys and paralegals at the Olinsky Law Group (the "Firm") in 2021 and 2022.  *See* (ECF Nos. 26-1 at 3, 26-4 at 2-4, 26-5 at 2-4, 26-6 at 2-3). Although the EAJA sets a ceiling of $125 per hour for attorneys' fees, courts may raise the ceiling based on increases in the cost of living.  *See* 28 U.S.C. § 2412(d)(2)(A)(ii).  Here, Plaintiff seeks to recover attorneys' fees at the following hourly rates: (i) $214.29 for 2 hours of attorney work in 2021 (totaling $428.58); (ii) $232.67 for 23.1 hours of attorney work in 2022 (totaling $5,374.68); and (iii) $80 for 2.8 hours of paralegal work in 2022 (totaling $224).  *See* (ECF No. 26-1 at 3); *see also* (ECF No. 26-3 at 2-3) (Plaintiff's EAJA rate calculation reflecting an hourly rate of $214.29 for 2021 and $232.67 for 2022); *Dewees v. Acting Comm'r of Soc. Sec.*, No. 21-CV-328-PDB, 2022 WL 1406667, at *6 (M.D. Fla. May 4, 2022) (approving EAJA hourly rate at $214.29 for attorney work performed in 2021); *Sandra B. v. Comm'r, Soc. Sec.*, No. 4:21-CV-74-HLM-WEJ, 2022 WL 16709181, at *2 (N.D. Ga. Sept. 12, 2022) (approving EAJA hourly rate at $80 for paralegal work for 2022).  Plaintiff asserts (and Defendant does not dispute) that the attorneys' fee rates she seeks to recover are supported by the increased cost of living and consistent with other attorneys petitioning for EAJA fees within the Circuit.  *See* (ECF Nos. 26-1 at 2-3).

Given the unopposed nature of the Motion, and having reviewed Plaintiff's counsel's itemized time entries, reputation, and experience, *see* (ECF Nos. 26-1 at 2-4, 26-4 at 2-4, 26-5 at 2-4, 26-6 at 2-3), the undersigned finds that Plaintiff's request for attorneys' fees is reasonable.[2]  *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984))

---

[2] To summarize, the billing attorneys and paralegals at the Firm specialize in Social Security disability law. *See* (ECF No. 26-1 at 3) (describing the billing attorneys' and paralegals' extensive experience in Social Security disability law; *see also* https://windisability.com/about/ (Firm's directory describing qualifications of each attorney).

("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."); *see also Watkins v. Kijakazi*, No. 20-CV-61213, 2023 WL 158194, at *1 (S.D. Fla. Jan. 11, 2023) (adopting recommendation that plaintiff's request for attorney's fees and costs be granted in full given the United States' lack of opposition); *Jandasek v. Kijakazi*, No. 20-CV-61286, 2021 WL 4709796, at *1 (S.D. Fla. Oct. 8, 2021) (same); *Obando v. Kijakazi*, No. 20-CV-60990, 2021 WL 4226020, at *1 (S.D. Fla. Sept. 16, 2021) (same).

## II.    RECOMMENDATION

Accordingly, the undersigned respectfully recommends that Plaintiff's Motion (ECF No. 26) be **GRANTED**. Plaintiff should be awarded **$6,027.26** in attorneys' fees, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury finds that Plaintiff owes no debt to the United States.

Within **seven days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on April 26, 2023.

*[signature]*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Rodney Smith
Counsel of Record